1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Javier G. Cazares,                    )    No. CV-09-2168-PHX-ROS (LOA)
                                           )
10               Plaintiff,                )    **ORDER**
                                           )
11   vs.                                   )
                                           )
12   Warden E. Morris, et al.,             )
                                           )
13                                         )
                Defendants.                )
14   _____   )

15           This matter is before the Court on Plaintiff's Motion to File a Second Amended

16   Complaint. (Doc. 45)  Defendant Scheetz opposes the motion. (Doc. 46)   For the reasons set

17   forth below, the Court will deny the Motion.

18   **I.  Background**

19           Plaintiff, proceeding *pro se*, commenced this civil rights action pursuant to 42

20   U.S.C. § 1983 on October 15, 2009. (Doc. 1)  Plaintiff also sought leave to proceed *in forma*

21   *pauperis*. On January 6, 2010, the Court granted Plaintiff leave to proceed *in forma*

22   *pauperis*. (Doc. 6)  This case was referred to the undersigned Magistrate Judge on June 28,

23   2010 pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72, 72.2 by the Honorable Roslyn O.

24   Silver, Chief United States District Judge. (Doc. 15 at 9)

25           On February 24, 2010, the Court dismissed the initial Complaint for failure to state

26   a claim and directed Plaintiff to file an amended complaint within thirty days. (Doc. 9)

27   Plaintiff filed two subsequent motions for extensions of time, and, generously, the Court

28   ultimately extended the deadline for filing the amended complaint to June 14, 2010.  (Docs.

1  10-13)  Thus, Plaintiff was given approximately four months in which to file an amended

2  complaint, more than ample time to draft a pleading that cured the deficiencies noted in the

3  Court's February 24, 2010 Order. (Doc. 9)

4          On June 17, 2010, Plaintiff filed an Amended Complaint against Terry Allred,

5  Moise, E. Morris, Scheetz, Dora Schriro, and Jerry Sternes. (Doc. 14)   Plaintiff raised six

6  grounds for relief, all alleging violations of his Eighth Amendment rights related to medical

7  care. (Doc. 14)   On June 28, 2010, the Court screened the Amended Complaint in

8  accordance with 28 U.S.C. § 1915A(a). (Doc. 15)   The Court dismissed, without prejudice,

9  Counts I, II, III, IV, and VI, and Defendants Morris, Schiro, Maise, Sterns, and Allred.   The

10  Court directed Defendant Scheetz to answer Count V which alleged that Scheetz knew about

11  Plaintiff's medical condition but discontinued Plaintiff's thyroid medication for several

12  weeks.  Plaintiff further alleged that Defendant Scheetz gave Plaintiff a placebo medication,

13  rather than his prescribed medication.  (Docs. 14-15)

14          After some difficulty, service was executed on Defendant Scheetz on March 14,

15  2011. (Doc. 24)   Defendant Scheetz answered the Amended Complaint, and moved for

16  summary judgment on May 6, 2011. (Docs. 24, 37)   In the meantime, Plaintiff filed a

17  Motion to file a Second Amended Complaint. (Doc. 31)   The Court notified Plaintiff that the

18  motion did not comply with Local Rule of Civil Procedure ("LRCiv") 15.1, and directed

19  Plaintiff to file an appropriate motion to amend on or before May 12, 2011.  (Doc. 32)

20  Plaintiff did not file a proposed Second Amended Complaint that satisfied the requirements

21  of LRCiv 15.1 by the May 12, 2011 deadline.  Thus, on May 23, 2011, the Court denied

22  Plaintiff's Motion to file a Second Amended Complaint for failure to comply with the

23  applicable Local Rules of Civil Procedure.  (Doc. 44)

24          Plaintiff subsequently filed another "Motion to Accept Second Amended

25  Complaint," which complies with the technical requirements of LRCiv 15.1. (Doc. 45) Thus,

26  the Court will consider the merits of Plaintiff's request to file a Second Amended Complaint.

27  **II. Magistrate Judge Authority**

28          Generally, a motion for leave to amend the pleadings is a nondispositive matter

- 2 -

1    that may be ruled on by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1). *JJCO, Inc. v.*

2    *Isuzu Motors America, Inc.*, 2009 WL 3818247, * 2 (D.Haw., November 12, 2009)

3    (magistrate judge's denial of a motion for leave to amend complaint is not a dispositive

4    ruling) (citing *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1102

5    n. 1 (9th Cir. 1985), *superseded by statute on other grounds as recognized in Simpson v.*

6    *Lear Astronics Corp.*, 77 F.3d 1170 (9th Cir. 1996) (noting that the plaintiff's motion for

7    leave to amend its Complaint was properly treated as a nondispositive motion when the

8    magistrate judge granted the plaintiff's motion); *Continental Cas. Co. v. Dominick*

9    *D'Andrea, Inc.*, 150 F.3d 245, 250-51 (3d Cir. 1998) (noting that a motion to amend is not

10   dispositive); *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (finding a

11   magistrate judge's denial of a motion to amend on grounds of futility to be nondispositive

12   and subject to review for clear error by the district judge). Thus, the undersigned Magistrate

13   Judge may properly rule on Plaintiff's Motion because it is not dispositive of Plaintiff's case

14   or existing claims alleged).

15   **III.  Analysis**

16           Pursuant to the Court's March 22, 2011 scheduling order, the deadline to amend

17   the pleadings is September 23, 2011. (Doc. 25 at 2)  Plaintiff's Motion is timely under the

18   scheduling order and is therefore governed by Rule 15(a) of the Federal Rules of Civil

19   Procedure, which provides that Plaintiff may amend with leave of the court, and leave shall

20   be freely given when justice so requires. Fed.R.Civ.P. 15(a); *Johnson v. Mammoth*

21   *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal

22   amendment policy which focuses on the bad faith of the party seeking to interpose an

23   amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard

24   primarily considers the diligence of the party seeking the amendment."); *Crawford v.*

25   *Washington Nat. Ins. Co.*, 2009 WL 890968, * 1 (D.Ariz., April 2, 2009) ("Because the

26   motion [to amend complaint] is untimely under this Court's scheduling order, Plaintiff must

27   meet the good cause standard under Rule 16 for the untimely request before the Court

28   considers whether amendment is appropriate under Rule 15.").

1    Generally, Federal Rule of Civil Procedure 15 governs the amendment of civil
2    complaints. Because Plaintiff has already amended his complaint and Defendant opposes the
3    motion to file a second complaint, Plaintiff needs leave to further amend his complaint.
4    Fed.R.Civ.P. 15(a)(2); *Burnham v. U.S.*, 2008 WL 477874, * 1 (D.Ariz., Feb. 19, 2008)
5    ("Because Plaintiff previously amended the complaint . . . , she was required under Rule 15
6    to obtain Defendants' consent or leave of Court to file the second amended complaint[,]"
7    citing *Glaros v. Perse*, 628 F.2d 679, 686 (1st Cir. 1980)). Rule 15 provides that leave to
8    amend should be freely given "when justice so requires." Fed.R.Civ.P. 15(a)(2). The Ninth
9    Circuit has construed this Rule broadly. *Morongo Band of Mission Indians v. Rose*, 893 F.2d
10   1074, 1079 (9th Cir. 1990). In determining whether it should grant leave to amend a
11   complaint, the district court must consider (1) the plaintiff's bad faith; (2) undue delay; (3)
12   prejudice to the defendant; (4) futility of amendment; and (5) whether the plaintiff has
13   previously amended his or her pleadings. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir.
14   2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)), *reh'g and reh'g en banc*
15   *denied*, 375 F.3d 810 (9th Cir. 2004), *cert. denied*, 543 U.S. 1188 (2005).

16   Here, there is no evidence of bad faith. However, the remaining factors weigh
17   against granting leave to amend. Plaintiff has previously been granted leave to file an
18   amended complaint to correct deficiencies in his pleading. Moreover, Plaintiff waited nearly
19   a year after filing his First Amended Complaint, doc. 14, to seek leave to file a second
20   amended complaint which is nearly identical to First Amended Complaint. Additionally,
21   Plaintiff states that he seeks to file a second amended complaint "restating . . . counts
22   previously dismissed for failing to state a claim." (Doc. 45 at 4) Indeed, the allegations in
23   the proposed Second Amended Complaint are nearly identical to those in the First Amended
24   Complaint. (compare docs. 14 and 45) Plaintiff's additional allegations do not correct the
25   deficiencies noted in the Court's February 24, 2010 Order. (Doc. 9) Thus, permitting
26   Plaintiff to file a second amended complaint would be futile. In summary, because the
27   relevant considerations weigh against permitting amendment, the Court will deny Plaintiff's
28   Motion to File Second Amended Complaint.

1    The Court notes that while Plaintiff's motion to file a second amended complaint

2  was pending, Defendant filed a summary judgment motion. Plaintiff has not filed a response,

3  which was due on June 7, 2011. (Doc. 43)  The Court will *sua sponte* extend the deadline for

4  Plaintiff to file a response to Defendant's motion for summary judgment because Plaintiff

5  likely refrained from responding to the motion for summary judgment in view of his pending

6  motion for leave to amend. Plaintiff is reminded that if he fails to timely respond or does not

7  submit his own evidence in opposition, summary judgment, if appropriate, may be entered

8  against him.

9    In view of the foregoing,

10   **IT IS ORDERED** that Plaintiff's Motion to File Second Amended Complaint,

11  doc. 45, is **DENIED**.

12   **IT IS FURTHER ORDERED** that the deadline for Plaintiff to file a response to

13  Defendant's Motion for Summary Judgment, doc. 37, is extended to **June 28, 2011.**

14   DATED this 16th day of June, 2011.

Lawrence O. Anderson
United States Magistrate Judge